IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| STEPHANIE MCAFEE, | ) |
| Plaintiff, | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |
| v. | ) Case No. 1:23CV455 |
| | ) |
| WELTMAN, WEINBERG & REISS CO L.P.A., | ) JUDGE BARRETT |
| | ) MAGISTRATE JUDGE BOWMAN |
| Defendant. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Stephanie Mcafee an individual consumer, against Defendant, WELTMAN, WEINBERG & REISS CO., L.P.A. ("Weltman weinberg & Reiss" and. or Defendant) for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. The Ohio Consumer Sales Practices Act R.C. 1345 et seq. (hereinafter "CSPA") which prohibits unfair and deceptive business practices in connection with a consumer transaction.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C § 1331. Venue in this District is proper for the Defendant transacts business in Cincinnati, Hamilton County, Ohio, and the conduct complained of occurred in Cincinnati, Hamilton County, Ohio.

## III. PARTIES

3. Plaintiff, Stephanie, is a natural person residing in Cincinnati, Hamilton County, Ohio. Plaintiff as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Upon information and belief, Defendant is a foreign limited liability company which operates and transacts business in the state of Ohio.

5. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

## IV. FACTS OF THE COMPLAINT

7. On or about October 7th 2022 Plaintiff Stephanie Mcafee received a letter dated October 7th 2022 from Defendant Weltman, Weinberg & Reiss Co., L.P.A ("Weltman, Weinberg & Reiss") attempting to collect a debt in the amount of $7,041.47 allegedly owed to Navy Federal Credit Union.

8. On or about October 17th 2022 Plaintiff Stephanie Mcafee sent a response letter dated October 17 2022, via USPS Certified Mail tracking number 9207-1901-4298-0474-7310-99 to Defendant ("Weltman, Weinberg & Reiss") stating "I refuse to pay") pursuant to 15 U.S.C 1692c(c).

9. On October 25, 2022, around 6:55 am Plaintiff received confirmation from USPS that the letter to Defendant ("Weltman, Weinber & Reiss") had been received.

10. On or about April 26th 2023 Plaintiff received written communication from Defendant dated April 26th, 2023 attempting to collect and demanding a payment of $7,041.47 in violation of 15 U.S.C § 1692c(c).

.

11. Despite receiving Plaintiff's notice Defendant continued its attempts to contact Plaintiff via mail on April 26th, 2023 in violation of 15 U.S.C §1692c(c).

12. On or about May 20th, 2023, Defendant, filed a complaint against Plaintiff demanding payment of a debt in the amount of $7,041.47 together with interest from date of Judgement at the rate of 11.19% per annum and court cost allegedly due to Navy Federal Credit Union.

13. On or around May 24th 2023 Plaintiff sent a letter to Defendant Weltman, Weinber & Reiss (1) informing Wetlman, Weinberg & Reiss that the account was in dispute, (2) Requesting a list of documents to verify the account be sent to her, (3) Requesting Weltman to cease unlawful collection activity. (4) requesting that Weltman, Weinberg & Reiss notify Navy Federal of the dispute.

14. Weltman, Weinberg & Reiss never sent the information requested to the email that Plaintiff requested defendant to send the information to which was email branden.mcafee03@gmail.com.

15. On or around June 14th 2023 Plaintiff Stephanie Mcafee's power of attorney Branden McAfee called Defendant ("Weltman, Weinberg & Reiss") at Stephanie Mcafee request and spoke to a Donna Hardy in the legal collections department.

16. On or around June 14th 2023 Plaintiff Stephanie Mcafee's power of attorney Branden McAfee asked Donna Hardy did Defendant ("Weltman, Weinberg & Reiss") own the account associated with the alleged debt owed to Navy Federal and Donna Hardy responded no we do

not own the account the account is still owed by the credit union we are just their attorney's handling this on their behalf.

17. On or around June 14th 2023 Plaintiff Stephanie Mcafee's power of attorney Branden McAfee asked Donna Hardy so you guys meaning Defendant ("Weltman, Weinberg & Reiss") are not a debt collector then? Donna Hardy Falsely denied Weltman, Weinberg & Reiss being a debt collector Plaintiff Stephanie Mcafee heard this **false statement** and was mislead and deceived to make an intelligent decision as to the debt she was very confused.

18. On or around June 16th 2023 Plaintiff Stephanie Mcafee's power of attorney Branden McAfee made a second call to Defendant ("Weltman, Weinberg & Reiss") at Stephanie Mcafee request and spoke to a representative and or employee of Weltman Weinberg & Reiss by the name of Diane.

19. On the June 16th 2023 call Diane represented to Plaintiff Stephanie and Stephanie Mcafee's power of attorney Branden McAfee that the amount allegedly owed to Navy Federal was $7,146.47 in violation of 15 U.S.C §1692(e)(2)(A) and that this was an attempt to collect a debt for Navy Federal Credit Union.

20. On the June 16th 2023 call Plaintiff Stephanie Mcafee's power of attorney Branden McAfee asks Diane was the account with Navy Federal in dispute Diane said yes the account is in dispute. Branden McAfee then asked Diane so is ("Weltman, Weinberg & Reiss") going to continue to try to collect this alleged amount even though it's in dispute Diane stated yes putting Defendant in violation of the FDCPA 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and 15 U.S.C. § 1692d.

*(1) Plaintiff believes defendants conduct was the natural consequence of which was to harass, opress, or abuse Plaintiff in connection with the collection of a debt, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d and Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation of the fair debt collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f. Furthermore Plaintiff believes that Defendant engaged in conduct the natural consequence of which was to harass, opress, or*

*abuse Plaintiff in connection with the collection of a debt, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d.*

21. Regardless of Plaintiff Stephanie Mcafee's previous attempts to request information/ Verification and or validation of the alleged debt and inform Defendant Weltman, Weinberg & Reiss that (1) she doesn't know what this debt is about and she believes Defendant may be trying to collect from the wrong person (2) That the alleged amount owed of $7,041.47 was disputed and is disputed In its entirety.

22. Regardless of Diane confirming that the amount was in dispute and regardless of Plaintiff Stephanie Mcafee disputing the alleged amount with the alleged original creditor and disputing the alleged amount with the Defendant and the Defendant not providing verification and or validation as requested the Defendant Weltman Weinberg & Reiss amongst other things abusively, deceptively and unfairly continued and is continuing its efforts to misrepresent the alleged amount due and owed to Navy Federal in violation of 15 U.S.C §1692(e)(2)(A) and collect the alleged debt in violation of 15 U.S.C. § 1692f, 15 U.S.C. § 1692e and 15 U.S.C. § 1692d.

22. As a result of the above, among other things, Defendant attempted to collect on a debt that it knew or should have known was in dispute.

23. As a result of the above, among other things, Defendant misrepresented the amount of the alleged debt to Plaintiff.

24. As a result of the above, among other things, Defendant engaged in conduct the natural consequence of which is to harass, opress, or abuse Plaintiff in connection with the collection of a debt, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d.

25. As a result of the above, among other things, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of the Fair Debt Collection Practices Act ("FDCPA"),15 U.S.C. § 1692e.

26.     As a result of the above, among other things, Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation of the fair debt collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f.

*(2)     A copy of the letters, Audio Transcripts, and other correspondence mentioned above is not attached for the reason that it is available to the Defendant and contains personally identifying information. Plaintiff will provide a copy upon request, and it will be introduced into evidence at the trial hereof.*

27.     Plaintiff has suffered actual damages as a result of these illegal debt collection communications by Defendant in the form of invasion of privacy, economic loss, personal embarrassment, Disturbance of peace, anger, anxiety, decreased ability to focus on tasks while at work, frustration, amongst other negative emotions.

## V. FIRST CLAIM FOR RELIEF
### (Weltman weinberg & Reiss)
### 15 U.S.C. §1692c(c)

28.     Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

29.     A debt collector violates 15 U.S. Code § 1692c of the FDCPA when it, communicates with a consumer after the consumer notifies in writing that they refuse to pay or wishes the debt collector to stop communicating.

30.     A debt collector violates 15 U.S. Code § 1692c of the FDCPA when it among other qualifying actions and omissions, willfully and without justification, communicated with Plaintiff after Plaintiff notified Defendant in writing via USPS Certified Mail, that he refused to pay the debt.

31.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following: Defendant violated 15 U.S.C § 1692c(c) of the FDCPA by failing to cease collection after receiving written notice.

32. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

## VI. SECOND CLAIM FOR RELIEF
### (Weltman weinberg & Reiss)
### 15 U.S.C §1692e

33. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

34. A debt collector violates 15 U.S.C §1692e when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

35. A debt collector violates 15 U.S.C §1692e of the FDCPA when it among other qualifying actions and omissions, willfully after acknowledging that the alleged debt due and owed was disputed used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

36. A debt collector violates 15 U.S.C §1692e of the FDCPA when it among other qualifying actions and omissions, willfully did not provide the consumer requested verification that the debt belonged to plaintiff before attempting to sue and continuing unlawful collection actions the debt collector used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

37. A debt collector violates 15 U.S.C §1692e of the FDCPA when it among other qualifying actions and omissions, willfully after acknowledging that the alleged debt due and owed was disputed represented to Plaintiff an amount owed of $7,041.47 using a false, deceptive, or misleading representation or means in connection with the collection of a debt.

37. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following: Defendant violated 15 U.S.C §1692e of the FDCPA by using deceptive, and misleading representation in connection with the collection of a debt.

## VI. SECOND CLAIM FOR RELIEF
### (Weltman weinberg & Reiss)
### 15 U.S.C. § 1692f

38.     Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

39.     A debt collector violates 15 USCS § 1692f when it uses unfair or unconscionable means to collect or attempt to collect a debt.

40.     A debt collector violates 15 USCS § 1692f when it among other qualifying actions and omissions, willfully did not provide the consumer requested verification that the debt belonged to plaintiff before attempting to sue and continuing unlawful collection actions the debt collector used unfair or unconscionable means to collect or attempt to collect a debt.

41.     A debt collector violates 15 USCS § 1692f when it among other qualifying actions and omissions, willfully continued unlawful collection actions after being notified and acknowledging that the alleged amount due and owed was disputed the debt collector used unfair or unconscionable means to collect or attempt to collect a debt.

42.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following: Defendant violated 15 USCS § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

## VII. THIRD CLAIM FOR RELIEF
### (Weltman weinberg & Reiss)
### 15 U.S.C. § 1692d

43. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

44. A debt collector violates 15 U.S.C. § 1692d when it engages in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

45. A debt collector violates 15 U.S.C. § 1692d when it among other qualifying actions and omissions, willfully did not provide the consumer requested verification that the debt belonged to plaintiff and continued unlawful collection actions which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

46. A debt collector violates 15 U.S.C. § 1692d when it among other qualifying actions and omissions, willfully acknowledge that the debt was disputed in its entirety but continued its unlawful collection actions which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

47. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following: Defendant violated 15 U.S.C. § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

## VIII. FOURTH CLAIM FOR RELIEF
### (Weltman weinberg & Reiss)
### THE OHIO CONSUMER SALES PRACTICES ACT

48. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

49.     The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

50.     Plaintiff is a "Person" as defined by R.C. 1345.01(B).

51.     Defendants are "supplier[s]' as defined by R.C. 1345.01(C).

52.     Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

53.     R.C. § 1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, Plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

a. **Violations of the FDCPA**

54.     Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when defendant in acts and practices in violation of the FDCPA as set forth above.

55.     Defendant actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

## VI.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A.   Judgment for the violations occurred for violating the FDCPA;

B.   Actual damages pursuant to 15 U.S.C §1692k(1)(2);

C.   Statutory damages pursuant to 15 U.S.C §1692k(2);

D.   Judgement for the violations occurred for violating the CSPA

E.   Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial plus reasonable attorneys fee's if any are incurred.

F.   Award plaintiff at treble her actual noneconomic damages under R.C. 2923.34(E)

G.   Costs of this action.

H.   For such other and further relief as the Court may deem just and proper.


Dated: July 19, 2023

**Respectfully submitted,**

**Stephanie Mcafee Pro Se**

**1404 Keyridge Drive**

**Cincinnati, OH 45240**

**Telephone (513) 655-8966**

**Email: Pressuretv513@gmail.com**